# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brenna K. Mitchell and Benjamin W. Mitchell,**
**Plaintiffs Below, Petitioners**

**vs) No. 17-0556** (Pendleton County 15-C-21)

**Bradford H. Mitchell, individually and as Executor**
**of the Estate of Violet K. Mitchell and Barbara**
**Mitchell Woodward,**
**Defendants Below, Respondents**

**FILED**

**October 10, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Brenna K. Mitchell and Benjamin W. Mitchell, by counsel Joseph L. Caltrider, appeal the May 23, 2017, order of the Circuit Court of Pendleton County that dismissed their claims. Respondents Barbara Mitchell Woodward and Bradford H. Mitchell, individually, and as executor of the Estate of Violet K. Mitchell, by counsel Jerry D. Moore and Jared T. Moore, filed a response and a cross-assignment of error. In their cross-assignment of error, respondents argue that the circuit court erred in failing to find that petitioners' claims were barred by a prior release. Petitioners filed a reply and response in opposition to the cross-assignment of error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties herein are the children of Violet K. Mitchell and D. Hurl Mitchell. In early 2012, a dispute escalated between the siblings over compensation for timber removed from real estate the siblings jointly owned. On March 13, 2012, respondents filed a civil action in the Circuit Court of Pendleton County, *Civil Action 12-C-10*, against petitioners, seeking partition of their jointly owned real estate in Pendleton County.[1]

On July 1, 2012, Violet K. Mitchell died testate. In her will, she devised her real estate and pension holdings to respondents and made specific bequests of personal property to both

---

[1]The parties herein were also involved in a similar partition lawsuit in the Commonwealth of Virginia related to another tract of land the siblings jointly owned.

1

petitioners and respondents. On July 13, 2012, Respondent Bradford Mitchell began his service as the executor of the decedent's estate. The expenses of the decedent's estate totaled in excess of $2,800; however, at the time of her death, the decedent had less than one hundred dollars cash in her possession, lived in a rental home, and had only nominally valued items of personal property. On September 29, 2012, without distributing the decedent's specific bequests to petitioners, the executor held an estate auction. Petitioners contend that several of the items bequeathed to them were sold at the auction. The auction grossed, after fees, less than one thousand dollars. Thus, in order to satisfy estate expenses, the executor personally advanced the estate over $2,000.

Seven months following the death of their mother, on January 31, 2013, the parties herein reached a settlement of their partition suits. In a March 12, 2013, order confirming the settlement of the partition cases, the court noted that:

> Plaintiffs [respondents herein] and Defendants [petitioners herein] each release any and all claims against the other in their individual capacity, as Executor of the Estates of D. Hurl Mitchell and Violet K. Mitchell or against the Estates of D. Hurl Mitchell and Violet K. Mitchell. Plaintiffs agree to provide to Defendants any baby pictures of the Defendants that are in their possession.

In August of 2013, the Pendleton County Clerk wrote to Respondent Bradford Mitchell to request that he, as executor of the decedent's estate, complete the appraisement of the estate. When no such appraisement was filed, on June 5, 2014, petitioners wrote to the executor requesting that he comply with his duty to administer the estate and deliver to petitioners the items bequeathed to them. Five days later, on June 10, 2014, petitioners asked the Pendleton County Commission to refer the estate issues to a fiduciary commissioner. The following day, the executor filed the appraisement and non-probate inventory of the Estate of Violet K. Mitchell.

On June 30, 2014, petitioners filed their objection to the proposed report of receipts and disbursement by the executor. By order dated July 15, 2014, the Pendleton County Commission referred the matter to a special fiduciary commissioner. The executor filed a response to petitioners' objections and, on August 29, 2014, the fiduciary commissioner heard evidence regarding the objections to the appraisement and final settlement. Throughout September and October of 2014, the executor filed an amended final settlement statement and the parties filed a series of objections, responses, and replies.

On February 25, 2015, the fiduciary commissioner submitted his findings and recommended order to the county commission. On March 17, 2015, the commission unanimously voted to adopt and approve the findings and recommended order of the fiduciary commissioner. In this order, the commission held that the release executed by the parties in the settlement of their claims in their partition cases prohibited petitioners from asserting other claims related to the distribution of property comprising the decedent's estate. On July 7, 2015, petitioners filed the instant case, a writ of error, in the Circuit Court of Pendleton County, to which respondents filed a motion to dismiss and motion for sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure.

A hearing was held on petitioners' writ in the circuit court on August 26, 2015. On September 21, 2015, the circuit court entered an order denying respondents' motion to dismiss and granting petitioners' writ of error. The court determined that the settlement agreement executed by the parties with respect to their partition suits did not prospectively prohibit any claims arising after the date of the settlement related to distribution of the decedent's estate. Further, the court directed the executor to file an amended appraisement, inventory, and final report, and to distribute bequests under the will of the decedent.

In October of 2015, the executor filed an amended appraisement and inventory. Petitioners filed an objection to the amended appraisement, to which respondents responded. In February of 2016, petitioners filed supplemental objections to the inventory to which respondents again responded. On May 16, 2016, petitioners filed a separate civil action in Pendleton County Circuit Court, *Civil Action No. 16-C-12*, asserting clams for breach of statutory duties, detinue, conversion, breach of fiduciary duties, interference with inheritance, fraud, and attorney's fees.[2] In June of 2016, in the case sub judice, respondents filed a motion to reconsider its motion to dismiss. The court denied respondents' motion by order entered July 29, 2016, and set an evidentiary hearing on the amended appraisement for April 6, 2017.

In its order setting the evidentiary hearing, the circuit court noted that the issue for determination at the April 6, 2017, hearing was "the identification of all items of personal property which should be included in the Estate of Violet K. Mitchell and distributed pursuant to the terms of her Last Will and Testament." However, during the hearing, the court permitted respondents to vouch the record regarding the release in the partition cases and applicability to petitioners' claims in this case. In this regard, the court heard testimony from several witnesses and respondents' former counsel. Following the hearing, the parties submitted proposed orders.

On May 23, 2017, the circuit court entered its order ratifying, approving, and confirming the amended appraisement and amended non-probate inventory of the Estate of Violet K. Mitchell. Specifically, the court found that the executor's acts in administering the decedent's estate, including the failure to give specific bequests and gifted items to petitioners, were unintentional and that under the particular facts and circumstances of this matter, the executor did not act in bad faith, vexatiously, wantonly, or for oppressive reasons while acting as executor. The court determined that the executor acted reasonably and in good faith in administering the estate. Further, the court ruled that the executor believed that the release in the partition case included claims for distributions of items of personal property from the decedent's estate and that he consulted with his attorney to confirm such belief. The court denied petitioners' claims for judgment, attorney's fees, compensatory, consequential, general, specific, punitive, or other damages. The matter was dismissed from the docket of the court and remanded to the county commission for the purpose of closing the Estate of Violet K. Mitchell.

---

[2]On March 10, 2017, the circuit court stayed *Civil Action No. 16-C-12* pending the outcome of the instant case.

Thereafter, petitioners filed a motion requesting that the circuit court correct the clear discrepancies within its order following the April 6, 2017, hearing, and that the findings related to the executor's actions with regard to the administration of the decedent's estate were without support in the record. In a June 29, 2017, order the court granted, in part, and denied, in part, petitioners' motion to correct the order and found that the motion was largely an attempt by petitioners to "relitigate issues that have been fully considered and decided." The circuit court amended its order and vacated its findings in paragraphs 59 and 66 of the May 23, 2017 order, thus correcting any error of which petitioners complained. It is from the circuit court's May 23, 2017, order that petitioners now appeal.

Generally, we have found that

> "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfleld*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

Syl. Pt. 1, *Haines v. Kimble*, 221 W.Va. 266, 654 S.E.2d 588 (2007). Further, we have held that "[t]he interpretation of a court's order is a question of law, which we review *de novo*. When interpreting a court's order, we apply the same rules of construction as we use to construe other written instruments." Syl. Pt. 6, *State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W.Va. 252, 719 S.E.2d 722 (2011).

With these precepts as a guide, we turn to petitioners' three assignments of error. First, petitioners contend that the circuit court abused its discretion in making findings regarding the executor's intent following the April 6, 2017, evidentiary hearing. Petitioners argue that such findings are premature, as the issue of the propriety and completeness of the executor's actions were not fully developed for jury consideration. As such, petitioners allege that their procedural due process rights were violated.

In syllabus point eight of *Toler v. Shelton*, 157 W.Va. 778, 779, 204 S.E.2d 85, 86 (1974), this Court held that

> [w]here a movant demonstrates a colorably meritorious claim and offers unrefuted proof that a judgment of dismissal with prejudice was entered against him without notice required by Rule 6(d) of the W.Va.R.C.P., the refusal of the trial court to vacate the dismissal order pursuant to a timely motion . . . constitutes an abuse of discretion warranting a reversal and remand of the case.

Here, petitioners contend that, like the petitioner in *Toler*, they have demonstrated that the circuit court made findings beyond the limited scope of the April 6, 2017, hearing, without notice to petitioners; thus depriving them of a proper determination of those issues. Conversely, respondents argue that the circuit court did not abuse its discretion as the record was devoid of any evidence constituting bad faith by the executor in the administration of the decedent's estate. Based upon our review of the record, we agree with respondents and find no error.

4

The record establishes that at the April 6, 2017, hearing, petitioners readily introduced and elicited testimony concerning the alleged bad acts of the executor as to the administration of the decedent's estate. Petitioners cannot now complain that it was error for the court to consider such testimony. Accordingly, the circuit court did not abuse its discretion or otherwise err in its findings regarding the intent of the executor in its order following the April 6, 2017, hearing.

In their second and third assignments of error, petitioners argue that the circuit court made clearly erroneous findings of fact regarding the executor's intent in administering the decedent's estate and in addressing the personal property included as part of the decedent's estate. Petitioners are critical of the circuit court's alleged failure to cite any evidence to support its faulty conclusions. Petitioners argue that these conclusions contradict the executor's prior appraisement and inventory documents filed with the court, the executor's own testimony, the record, and West Virginia law.

Respondents argue that the circuit court did not err and simply assessed the credibility of the witnesses and made findings accordingly. We concur with respondents and note that this Court has long deferred to a trial court's credibility determinations, as the trial court "had the opportunity to observe, first hand, the demeanor of the witness." *Miller v. Chenoweth*, 229 W. Va. 114, 121, 727 S.E.2d 658, 665 (2012). As we noted in *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997), "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *See also State v. Cox*, 171 W. Va. 50, 53, 297 S.E.2d 825, 828 (1982) (declaring that "[i]t is fundamental that the credibility of witnesses is a matter for the trier of fact to determine.")

Following the death of the decedent, respondents claimed they had no place to store the decedent's items and no estate funds. Accordingly, the executor held a public estate auction that was advertised in the local newspaper, including a list of items to be sold. The court determined that the executor's actions with regard to estate administration were "unintentional" given his belief that the estate matters had been previously resolved by the settlement of the parties' partition suits. While the executor's actions were deemed unintentional, the court found the executor personally responsible for all costs of the proceedings, including the fiduciary commissioner's fees, as the proceedings were "brought to correct his improper handling of the estate." Ultimately, the court determined that while petitioners offered no testimony or evidence regarding the monetary value of most of the personal property items at issue, petitioners were owed the fair market value of such items, subject to the offset of petitioners' share of the expenses of the decedent's estate. Accordingly, based upon the totality of the evidence contained within the record and the circuit court's reasoned analysis, we find no error.

In their cross-assignment of error, respondents argue that the circuit court erred in failing to recognize that petitioners' instant claims were barred by the settlement agreement executed by the parties in their prior partition cases. Respondents argue that the facts and circumstances of this case demonstrate that the parties intended for the settlement agreements in the partition cases to cover distribution of personal property from the decedent's estate. In response, petitioners argue that the circuit court did not err in finding that this prior release executed by the parties in

their partition cases did not serve to prevent petitioners from pursuing claims against respondents related to the decedent's estate. We agree with petitioners and find no error.

The plain language of the settlement order from the partition cases does not reference a release of any future claims and does not specifically address any prospective claims related to estate administration and distribution. We have previously held that "[a] release ordinarily covers only such matters as may fairly be said to have been within the contemplation of the parties at the time of its execution." Syl. Pt. 2, *Conley v. Hill*, 115 W.Va. 175, 174 S.E. 883 (1934). At the time of the settlement of the parties' partition suits in early 2013, the executor of the decedent's estate had not yet filed the estate's appraisal or inventory and, as such, the parties herein could not have fairly contemplated the executor's actions with respect to estate administration. It was not until 2016 that petitioners learned that some of the items that were devised to them under the decedent's will were no longer part of the decedent's estate. Accordingly, we find no error with the circuit court's ruling that petitioners' claims herein were not prohibited by virtue of the parties' 2013 settlement of their partition cases.

For the foregoing reasons, we affirm the circuit court's May 26, 2017, order.

Affirmed.

**ISSUED:** October 10, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating

6